IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )
    v.                     )   Case No. 08-20012-01-JWL
                           )
ALVIN MARTIN,              )
                           )
            Defendant.     )
                           )
_____)

## MEMORANDUM AND ORDER

I. Background

On February 1, 2008, Mr. Alvin Martin was indicted for conspiring to commit and conceal an offense against the United States, namely the interstate transportation of stolen property, under 18 U.S.C. § 371, and for knowingly transporting stolen property in interstate commerce, under 18 U.S.C. §§ 2314 and 2.[1] On May 14, 2009, a jury convicted Mr. Martin of conspiring to commit and conceal an offense against the United States. The matter is presently before the Court on Mr. Martin's motion for release pending appeal (Doc. 185). As explained below, the Court denies the motion.

---

[1] Taff Virden and John T. Stanley were also indicted on February 1. As Mr. Stanley pled guilty, only Mr. Virden and Mr. Martin proceeded to trial.

1

II. Factual and Procedural Background

After his arrest in Mississippi on February 26, 2008, Mr. Martin was ordered released on a $10,000 unsecured bond by Magistrate Judge Anderson in the Southern District of Mississippi. (Doc. 12). On March 11, 2008, Mr. Martin appeared in the District of Kansas before Magistrate Judge O'Hara, who ordered that Judge Anderson's release order be continued pending Mr. Martin's trial. (Doc. 20). After the jury convicted Mr. Martin, the Court ordered that he remain free on bond pending sentencing. As conceded by the government, Mr. Martin did not violate the terms of his release pending trial or sentencing.

Prior to Mr. Martin's trial, Mr. Osie B. Cobbs was charged with the same offenses. The Court granted Mr. Cobbs pretrial release on March 5, 2008, conditioned in part upon his refraining from the use or unlawful possession of narcotic drugs and submission to drug testing. On March 24, 2008, Mr. Cobbs pled guilty of conspiring to commit interstate transportation of stolen property, in violation of 18 U.S.C. §§ 371 and 2314. Mr. Cobbs testified at the trial of Mr. Martin and Mr. Virden in May 2009 regarding the conspiracy and Mr. Martin's role in it.

On October 3, 2008, Mr. Cobbs tested positive for the use of cocaine. His probation officer notified the judge to whom his case had been assigned and on November 25, 2008, that judge entered an order modifying the conditions of his release. In particular, the order directed him to participate in a program of substance abuse therapy and counseling, "if deemed advisable by the pretrial services office or

supervising officer." The government did not inform Mr. Martin's attorney of the positive drug test until much later, after Mr. Martin had been convicted.

Mr. Martin and Mr. Virden proceeded to trial in May 2009 and Mr. Cobbs testified to the extent of the conspiracy. Four days after the jury returned its verdict, Mr. Cobbs's probation officer notified the government on the telephone that Mr. Cobbs had tested positive for cocaine use on May 4, 2009. The probation officer informed the government that a report would be prepared. On May 20, 2009, Mr. Martin filed motions for a judgment of acquittal and for a new trial. On June 2, 2009, the government received the written memorandum regarding Mr. Cobbs's positive cocaine test of May 4, and the government immediately disclosed this report to Mr. Martin's counsel via email. On July 16, 2009, Mr. Martin filed a Memorandum in Support of his Motion for a New Trial (Doc. 140), alleging that the government's failure to disclose Mr. Cobbs's cocaine use immediately in May 2009 constituted a violation of the government's obligation to disclose material exculpatory evidence to a defendant for use at trial, under *Brady v. Maryland*, 373 U.S. 83 (1963). On July 17, 2009, the government disclosed to Mr. Martin's counsel the positive drug test of October 3, 2009. In response to this disclosure, Mr. Martin filed a Supplemental Memorandum of Law in Support of Motion for New Trial (Doc. 144), alleging that the government's failure to disclose the October 2008 drug use constituted an additional Brady violation.

On September 9, 2009, this Court issued an order denying Mr. Martin's Motion for Judgment of Acquittal and Motion for New Trial, concluding as to the latter that the exculpatory evidence the government allegedly suppressed was not "material" and Mr.

Martin therefore could not establish a *Brady* violation based upon the government's failure to disclose either the October 2008 or May 2009 positive drug test.[2] As for Mr. Martin's Motion for Judgment of Acquittal, the Court noted that Mr. Martin had not filed a supporting memorandum, thus providing the Court with no further authority to conclude he was entitled to a judgment of acquittal, and that nevertheless the jury could have found Mr. Martin guilty beyond a reasonable doubt.

III. Analysis

The decision whether to release a convicted defendant pending appeal is governed by 18 U.S.C. §3143. That section provides for the detention of such an individual unless the Court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal

---

[2] The government also alleged that it had not "suppressed" the evidence of Mr. Cobbs's drug use. As for the October 2008 drug test, the government argued that it was not suppressed because it was discoverable information, as the court entered an order modifying Mr. Cobbs's release conditions and Mr. Martin's attorney could have inferred from this that Mr. Cobbs had tested positive for drug use. With respect to the May 2009 drug test, the government argued that the information was not subject to disclosure under *Brady* because it was not within the possession of the government or any investigative agencies working with the government on prosecuting the case. However, the Court disagreed with the government and instead concluded that the evidence of Mr. Cobbs's drug use was not "material" because it was merely cumulative impeachment evidence (Doc. 158 at 6-11).

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Mr. Martin requests that this Court permit him to remain released on bond pending his appeal, asserting that such action is warranted because Mr. Martin's wife suffers from Graves Disease, inhibiting her ability to work, and that he therefore needs to take steps to ensure her continued care while he is imprisoned, in the event his appeal is unsuccessful.[3] While the Court acknowledges the difficult situation Mr. Martin faces, it is unable to conclude that Mr. Martin should be at liberty pending appeal, as he has not established that he is entitled to release pending appeal under the standards adopted by Congress.

The Court applies a two-step analysis to determine whether a defendant may be released pending appeal under 18 U.S.C. § 3143(b). *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985). First, the Court must determine that the appeal raises a "substantial" question of law or fact. *Id.* at 952. Second, the Court must find that "if that substantial question is determined favorably to defendant on appeal, [then] that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3rd Cir. 1985)). As for what constitutes a "substantial question," the Tenth Circuit

---

[3] In particular, he desires time to sell his home and relocate his wife to more affordable living arrangements.

explained that it is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 900-901 (11th Cir. 1985)).

Mr. Martin does not contend that he raises a "substantial question" in the motion he filed with this Court seeking release pending appeal.[4] However, the Court has engaged in an independent review of the issues Mr. Martin raised before this Court and finds no such question. The Court thoroughly considered Mr. Martin's Motion for Judgment of Acquittal and Motion for New Trial and properly concluded that the jury could have convicted Mr. Martin under 18 U.S.C. §371 and that Mr. Martin could not establish a *Brady* violation because the suppressed evidence was not "material either to guilt or to punishment," *United States v. Combs*, 267 F.3d 1167, 1172 (10th Cir. 2001), in that there was no reasonable probability the result of Mr. Martin's trial would have been different had the government disclosed the impeachment evidence of Mr. Cobbs's drug use to the defense. As noted in its order, Mr. Cobbs had been subjected to questioning during the trial regarding his cocaine use during the course of the conspiracy, and evidence that Mr. Cobbs tested positive for cocaine use twice over a one-year period years after the conspiracy ended was not inconsistent with his assertion that he only occasionally used cocaine. Moreover, disregarding Mr. Cobbs's testimony, the government presented sufficient additional evidence to prove Mr. Martin's guilt beyond a

---

[4] Rather, he asserted that his particular situation warranted release and argued that he was not a flight risk, pointing to his consistent appearances before the Court and the fact that he did not violate the terms of his release while awaiting trial and sentencing. However, as noted above, this Court may permit Mr. Martin to be released pending his appeal only if he can establish that his appeal raises a substantial question of law or fact.

reasonable doubt. Therefore, the Court believes there is no basis to conclude Mr. Martin is likely to succeed on appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Martin's motion for release pending appeal (Doc. 185) is **denied**.

**IT IS SO ORDERED** this 30th day of November, 2009.

                                               s/ John W. Lungstrum
                                               John W. Lungstrum
                                               United States District Judge