**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Criminal Case No. 08-20012
) Civil Case No: 10-2342-JWL
ALVIN A. MARTIN, )
)
Defendant. )
)

**MEMORANDUM AND ORDER**

Defendant Alvin A. Martin was convicted following a jury trial of conspiring to commit and to conceal the crime of interstate transportation of stolen goods, an offense against the United States. He received a 33-month prison sentence. His attorney initiated an appeal on his behalf, but filed an *Anders* brief, asserting that the appeal would be wholly frivolous. The Tenth Circuit agreed, granted counsel's motion to withdraw, and dismissed the appeal. *United States v. Martin*, 2010 WL 1999068 (10th Cir. May 20, 2010).

Mr. Martin has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 193). For the reasons discussed below, that motion is denied.

**1.      Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was

rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2.    Discussion**

Mr. Martin's claims all challenge the effectiveness of his attorney. To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"

2

*Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

A. Speedy Trial

Mr. Martin asserts that his attorney was ineffective for failing to raise a Speedy

3

Trial violation. The Speedy Trial Act "requires that a defendant be tried within seventy days from the filing date of the indictment or from the date on which defendant appears before a judicial officer, whichever date is later." *United States v. Gonzales*, 137 F.3d 1431, 1432 (10th Cir. 1998). When a motion requires a hearing, the Act excludes the entire time between the filing of the motion and the conclusion of the hearing. *Henderson v. United States*, 476 U.S. 321, 329 (1986). If a motion does not require a hearing, "the Act excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under advisement." *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007).

In its response, the Government set forth the various periods of time that were excluded from the Speedy Trial calculation. Although sixteen months passed between Mr. Martin's arrest and his trial, far fewer than seventy days actually counted for purposes of the Speedy Trial Act.

Mr. Martin objects specifically to the exclusion of the period of time from October 9, 2008 through April 21, 2009. He maintains that he did not cause or request the exclusion, and thus his Speedy Trial rights were violated.

The court's order that excludes those days explains that the delay was due to a requested continuance in the trial date and that "[a]ll of the defendants indicate they have no objection to this case been continued." (Doc. 61.) Moreover, the court found that the continuance "would be in the interests of justice and would outweigh the collective interest of the parties in a speedy trial." (*Id.*) Because Mr. Martin agreed to the continuance, those

4

days were properly excluded and Mr. Martin's attorney was not ineffective for failing to raise a Speedy Trial Act challenge.

B.   Appeal

Mr. Martin contends that his attorney's decision to file an *Anders* brief instead of more vigorously pursuing an appeal was ineffective assistance. He claims that instead his attorney should have raised arguments about Speedy Trial, jury selection, and severance. But the mere filing of an *Anders* brief cannot serve as the basis for an ineffective assistance claim. *United States v. Nash*, No. 06-7092, 229 Fed. App'x 700, 702 (10th Cir. Apr. 11, 2007); *United States v. Martinez-Lomeli*, 86 F.3d 1167, *2 (10th Cir. 1996) (table).[1] Moreover, the Tenth Circuit, after reviewing Mr. Martin's attorney's brief and also soliciting input from Mr. Martin, agreed with the attorney that the case presented no nonfrivolous issue for appeal. *United States v. Martin*, 2010 WL 1999068 (10th Cir. May 20, 2010). Thus, this claim does not warrant habeas relief.

C.   Arguments contradicted by the record or not fully developed

Mr. Martin asserts that his attorney was ineffective for failing to appear at the arraignment. But the docket sheet entry for that hearing, held March 11, 2008, reflects that Mr. Martin's attorney was present. (Doc. 20.)

Mr. Martin's petition also mentions several alleged instances of ineffective conduct,

---

[1] Pursuant to Tenth Circuit Rule 32.1(A), the court cites these unpublished opinions for their persuasive value.

5

but Mr. Martin never elaborates on them or explains what conduct was unreasonable and how it prejudiced his case. For example, Mr. Martin asserts that his attorney failed to object to this court's denials of motion, but he never describes which motions he believes his attorney should have challenged or how that might have changed the outcome of the trial. Similarly, Mr. Martin claims that his attorney did not "devote full effort to the defendant, because of a conflict of interest" and did not advise him of "all his rights according to the Federal Codes and Rules." Other than quoting Rule 12 of the Federal Rules of Criminal Procedure, Mr. Martin offers no suggestion as to which rights he is referring to or how his attorney had a conflict of interest. Mr. Martin also asserts that "the chain of custody was broken," but he fails to explain what this means or what his attorney should have done differently. These conclusory statements that his attorney was ineffective are insufficient for this court to find that his attorney acted improperly and that such action affected the case's outcome. *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir. 1994).

D.    Arguments raised for the first time in the reply brief

Mr. Martin's § 2255 petition itself is fairly concise, merely listing the things his attorney allegedly failed to do. His reply memorandum is much more detailed—eleven pages of explanation. However, in accepting a reply, this Court will "deny or exclude summarily all arguments and issues first raised in [a] reply." *Wagher v. Guy's Foods, Inc.*, 765 F. Supp. 667, 671 (D. Kan. 1991).

but Mr. Martin never elaborates on them or explains what conduct was unreasonable and how it prejudiced his case. For example, Mr. Martin asserts that his attorney failed to object to this court's denials of motion, but he never describes which motions he believes his attorney should have challenged or how that might have changed the outcome of the trial. Similarly, Mr. Martin claims that his attorney did not "devote full effort to the defendant, because of a conflict of interest" and did not advise him of "all his rights according to the Federal Codes and Rules." Other than quoting Rule 12 of the Federal Rules of Criminal Procedure, Mr. Martin offers no suggestion as to which rights he is referring to or how his attorney had a conflict of interest. Mr. Martin also asserts that "the chain of custody was broken," but he fails to explain what this means or what his attorney should have done differently. These conclusory statements that his attorney was ineffective are insufficient for this court to find that his attorney acted improperly and that such action affected the case's outcome. *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir. 1994).

D.    Arguments raised for the first time in the reply brief

Mr. Martin's § 2255 petition itself is fairly concise, merely listing the things his attorney allegedly failed to do. His reply memorandum is much more detailed—eleven pages of explanation. However, in accepting a reply, this Court will "deny or exclude summarily all arguments and issues first raised in [a] reply." *Wagher v. Guy's Foods, Inc.*, 765 F. Supp. 667, 671 (D. Kan. 1991).

Mr. Martin's reply brief raised the following alleged instances of ineffective conduct: failure to object to composition of jury panel and petit jury; failure to review discovery or otherwise prepare; failure to cross-examine alleged co-conspirators; and failure to brief motion for acquittal. Because these arguments were first addressed in the reply brief, they are waived and not properly before this court. *SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009).

E.  Motion to Sever

Mr. Martin argues in his reply brief that his attorney was ineffective for failing to file a motion to sever his trial from Mr. Martin's co-defendant. This argument does not appear explicitly in Mr. Martin's § 2255 petition, in which case it appears waived. *Id.* It is possible, however, to tease out from Mr. Martin's § 2255 petition an implied argument about a motion to sever: in his petition, Mr. Martin quotes Rule 12 of the Federal Rules of Criminal Procedure, including Rule 12(b)(3)(D), which requires a motion to sever to be filed before trial. He does not say anything more about it or intimate that his attorney should have filed one. As such, the specific argument that his attorney was ineffective for failing to move for a severance is in fact waived.

Nonetheless, in an abundance of caution, the court notes that such argument, even if considered on the merits, would not warrant habeas relief. First, recognizing the presumption that counsel gave reasonable assistance, the decision not to seek severance may have been a strategic decision entitled to deference. *Bullock*, 297 F.3d at 1044.

Second, Mr. Martin has not shown that the lack of a motion to sever prejudiced his

7

case, that is, that a motion to sever would have been successful and would have changed the outcome of the proceeding. Indeed, as an initial matter, courts recognize a presumption in a conspiracy trial that co-conspirators charged together should be tried together. *United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005). Furthermore, "[w]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Because severance is a matter of discretion, a defendant bears the "heavy burden" of showing "real prejudice." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). "Prejudice occurs when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Stiger*, 413 F.3d at 1197. Mr. Martin alleges that his co-defendant's "involvement in the alleged scheme was both deeper and more integral," and that Mr. Martin was therefore guilty by association and suffered prejudice by being tried together. This allegation, however, would have been insufficient to warrant separate trials, *United states v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004) ("[A] mere allegation that defendant would have a better chance of acquittal in a separate trial is not sufficient to warrant severance."), particularly given that "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to

8

a fair trial.'" *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 132 n.6 (1968)). Moreover, nothing occurred in the course of the trial which suggested that either of the defendants were prejudiced by being tried together. The evidence against both of them was overwhelming.

### 3.    **Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Martin has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 193) is denied.

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

9

**IT IS SO ORDERED** this 27th day of October, 2010.

                                          <u>s/ John W. Lungstrum</u>
                                          John W. Lungstrum
                                          United States District Judge